UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRYAN TATUM and STEVEN TOMMINELLO, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 22-CV-03173 |
| ANGIODYNAMICS, INC., a Delaware corporation, | ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

## COMPLAINT

Plaintiffs, Bryan Tatum ("Tatum") and Steven Tomminello ("Tomminello") (collectively, "Plaintiffs"), by and through their attorneys, complain of Defendant, AngioDynamics, Inc. ("Defendant" or "AngioDynamics"), as follows.

### NATURE OF THE ACTION

1. Plaintiffs Bryan Tatum and Steven Tomminello worked at AngioDynamics for over ten years when they achieved career highs in 2018; Tatum was awarded Regional Business Manager of the Year, and Tomminello became the company's No. 1 sales representative. Despite their demonstrably excellent performance, AngioDynamics discriminated against Plaintiffs because of their ages when, only weeks later, it terminated their employment and hired younger replacements as part of a pattern of age discrimination implemented by a new General Manager whose expressed intent for the company's personnel was to "get younger and hungrier" and declared "the old guard is gone." The EEOC made findings of age discrimination against AngioDynamics for both terminations and began a formal conciliation process. When the commission's conciliation process failed, this complaint followed.

## JURISDICTION AND VENUE

2. Federal question jurisdiction is based upon 28 U.S.C. §1331. The Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367(a).

3. Mr. Tatum has complied with all administrative prerequisites by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights ("IDHR"). The EEOC made a determination in favor of Mr. Tatum and began a formal conciliation process. After conciliation efforts failed, the EEOC issued a Notice of Right to Sue to Mr. Tatum.

4. Mr. Tomminello has complied with all administrative prerequisites by timely filing a Charge of Discrimination with the EEOC and the Minnesota Department of Human Rights ("MDHR"). The Chicago District Office of the EEOC assumed jurisdiction for Mr. Tomminello's case as part of a potential class of employees. The EEOC also made a determination in favor of Mr. Tomminello and similarly initiated a formal conciliation process. After conciliation efforts failed, the EEOC issued a Notice of Right to Sue to Mr. Tomminello.

5. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §1391(b)(1), and §1391(b)(2) because a substantial part of the events giving rise to this action occurred within this judicial district.

## PARTIES

6. Plaintiff, Bryan Tatum (54), an individual, is a citizen and resident of DuPage County, Illinois, and a former employee of AngioDynamics, Inc.

7. Plaintiff, Steven Tomminello (48), an individual, is a citizen and resident of Olmsted County, Minnesota, and a former employee of AngioDynamics, Inc.

8. Defendant, AngioDynamics, Inc., is a publicly-traded corporation, for all times relevant to this complaint, having employees located in and otherwise conducting business in the Northern District of Illinois. AngioDynamics's sales representatives, territory managers, and Regional Business Managers work remotely and do business across the United States, including in this judicial district. At all times relevant hereto, Defendant employed more than 20 employees and was an employer within the meaning of the Age Discrimination in Employment Act, the Illinois Human Rights Act, and the Minnesota Human Rights Act.

## FACTUAL ALLEGATIONS

9. Mr. Tatum began his employment with RITA Medical Systems, Inc., on May 17, 2006, as a Territory Manager. AngioDynamics purchased RITA Medical Systems, Inc., in January 2007, at which point Mr. Tatum became a sales representative in AngioDynamics's Oncology/Surgery ("O/S") business unit.

10. Mr. Tatum's performance was excellent, and AngioDynamics promoted him to Senior Sales Representative, Oncology Leadership Council in 2008.

11. On September 1, 2014, AngioDynamics promoted Mr. Tatum to Regional Business Manager of the Central West Region, a position that required Mr. Tatum to manage a team of 6 representatives covering 22 states.

12. Throughout his 12-year tenure at AngioDynamics, Mr. Tatum performed his duties diligently and successfully. He consistently met his sales goals as a Regional Business Manager, and his region was ranked the top region in three of the four years he worked as its manager. Mr. Tatum was awarded top manager in 2015, 2016, and 2018, just before he was fired.

13. In 2018, Mr. Tatum exceeded his regional quota and grew sales significantly.

14. In addition to his Manager of the Year awards, Mr. Tatum had previously won

Representative of the Year and was included in the President's Club, AngioDynamics's award and recognition program for exceptional sales achievements, in 2008, 2012, 2013, 2016, and 2018. In 2018, his sales representatives ranked #1, #2, #4, and #5 out of 19 sales representatives across the company.

15. Mr. Tatum consistently received higher performance ratings than his two peers, including in 2018. On Mr. Tatum's 2017 performance evaluation, the last evaluation he received before his termination, Mr. Tatum's then-supervisor wrote that he was a "strong leader for his team, that he was well respected, knowledgeable, and continues to be an asset to his reps. . ."

16. On June 13, 2018, AngioDynamics gave Mr. Tatum the Regional Business Manager of the Year award at the company's national sales meeting. The award was presented to him by his direct supervisor and Brent Boucher ("Mr. Boucher").

17. A week later, however, on June 21, 2018, AngioDynamics terminated Mr. Tatum's employment and claimed his performance was deficient.

18. Mr. Tatum was 50 at the time he was terminated from his employment.

19. The day after Mr. Tatum's termination, Mr. Tatum's FY 2018 Manager Performance Appraisal form was completed. Mr. Tatum received a positive performance review and exceeded his quotas.

20. AngioDynamics replaced Mr. Tatum with Karl Peter, who was considerably younger than Mr. Tatum and, in fact, had been one of Mr. Tatum's previous trainees. At the time, Mr. Peter had no professional management experience.

21. Despite having lower performance ratings than Mr. Tatum, the other two Regional Business Managers (ages 35 and 40) were not terminated.

22. Mr. Tomminello joined AngioDynamics on June 1, 2016, as a Territory Manager

in Mr. Tatum's region. Mr. Tomminello had previously worked for AngioDynamics between 2003 and 2014 and was rehired in 2016 due to his experience and knowledge of the business and on account of his excellent work performance during his first 9 years with the company.

23. In 2018, Mr. Tomminello exceeded his sales quota, grew business, delivered on multiple sales expectations, and ranked #1 out of 19 sales representatives on the 2018 Year to Date sales report.

24. Despite ranking as the Company's #1 sales representative at the time, Mr. Tomminello was fired in May 2018, along with three other employees from the O/S business unit; all four were 40 or older.

25. Mr. Tomminello was also replaced by a younger, less experienced employee.

26. Mr. Tatum was fired by Mr. Boucher, General Manager of the O/S business unit.

27. Mr. Boucher also directed the firing of Mr. Tomminello.

28. At the time of Mr. Tatum and Mr. Tomminello's terminations, Mr. Boucher had only recently been appointed to General Manager of the O/S business unit, in February 2018.

29. Shortly thereafter, Mr. Boucher repeatedly made his preference for younger employees known.

30. During a March 27-28, 2018, Sales Leadership Meeting, Mr. Boucher stated, "We need to get younger and hungrier."

31. Mr. Boucher also repeatedly declared "the old guard is gone."

32. Mr. Boucher told AngioDynamics's marketing group "they need to be doing things differently; with a fresh perspective, they need to challenge themselves. . . especially when they recruit."

33. Mr. Boucher directed the firing of AngioDynamics's older employees, including

Mr. Tatum and Mr. Tomminello, and the replacement of them with younger, less experienced workers.

34. In 2018, Boucher's first year with AngioDynamics, the company terminated 13 people from its O/S business unit. Eleven were 40 or older. Seven were 50 or older.

## COUNT I
## DISCRIMINATION IN VIOLATION OF
## THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967
### (All Plaintiffs)

35. Plaintiffs reallege Paragraphs 1 through 34 and incorporate them as though fully set forth herein.

36. The Age Discrimination in Employment Act, specifically 29 U.S.C. 621 *et seq.*, makes it unlawful for an employer to discriminate against an employee on the basis of that employee's age.

37. By its conduct as alleged herein, Defendant discriminated against Plaintiffs on account of their ages.

38. Defendant's conduct toward Plaintiffs illustrated a willful and/or reckless disregard of Plaintiffs' rights to be free from impermissible age discrimination.

39. As a result of Defendant's unlawful conduct, Plaintiffs have suffered lost wages and benefits, loss of professional opportunities, damage to their careers and reputations, pain, suffering, emotional harm, and humiliation.

**WHEREFORE**, Plaintiffs respectfully request that this Court find in their favor and against Defendant on Count I as follows:

a) Declare that Defendant's conduct was in violation of The Age Discrimination in Employment Act;

b) Enjoin Defendant and all officers, agents, employees, and all persons in active concert of participation with them from engaging in any unlawful employment practice;

c) Enjoin Defendant and all officers, agents, employees, and all persons in active concert or participation with them to institute and carry out all policies and practices to provide equal employment opportunities for all and to prevent discrimination;

d) Order Defendant to reinstate Plaintiffs to positions equal to or greater than their former positions; or, in the alternative, award Plaintiffs the value of compensation and benefits they will lose in the future as a result of Defendant's unlawful conduct;

e) Award Plaintiffs the value of all past and future lost compensation and benefits as a result of Defendant's unlawful conduct and other harm they have suffered as a result of Defendant's unlawful conduct;

f) Award Plaintiffs pre-judgment interest and additional damages to offset the tax liability on the value of compensation and benefits lost, and which they will lose in the future, as a result of Defendant's unlawful conduct;

g) Award Plaintiffs liquidated damages;

h) Award Plaintiffs reasonable attorney's fees, costs, and disbursements; and

i) Award Plaintiffs any and all other available relief as the Court deems just in the premises.

## COUNT II
## AGE DISCRIMINATION
## IN VIOLATION OF THE ILLINOIS HUMAN RIGHTS ACT
### (Plaintiff Tatum)

40. Plaintiff Tatum realleges Paragraphs 1 through 34 and incorporates them as though fully set forth herein.

41. The Illinois Human Rights Act, 775 ILCS 5/1-101, *et seq.*, makes it unlawful to discriminate against an employee on the basis of an employee's age.

42. By its conduct as alleged herein, Defendant discriminated against Mr. Tatum on account of his age.

43. Defendant's conduct towards Mr. Tatum illustrated a willful and/or reckless disregard of Plaintiff's right to be free from impermissible discrimination.

44. As a result of Defendant's unlawful conduct, Plaintiff has suffered lost wages and benefits, loss of professional opportunities, damage to his career and reputation, pain, suffering, emotional harm, and humiliation.

45. Plaintiff demands to exercise his right to a jury trial of this matter.

**WHEREFORE**, Plaintiff Tatum respectfully requests that this Court find in his favor and against Defendant on Count II as follows:

  a) Declare that Defendant's conduct was in violation of the Illinois Human Rights Act;

  b) Enjoin Defendant and all officers, agents, employees, and all persons in active concert of participation with them from engaging in any unlawful employment practice;

  c) Enjoin Defendant and all officers, agents, employees, and all persons in active concert or participation with them to institute and carry out all policies and practices to provide equal employment opportunities for all and to prevent discrimination;

  d) Order Defendant to reinstate Plaintiff to a position equal to or greater than his former position; or, in the alternative, award Plaintiff the value of compensation and benefits he will lose in the future as a result of Defendant's unlawful conduct;

  e) Award Plaintiff compensatory damages, including but not limited to the value of all past and future lost compensation and benefits as a result of Defendant's unlawful conduct, and damages for emotional distress and other harm he has suffered as a result of Defendant's unlawful conduct;

  f) Award Plaintiff pre-judgment interest and additional damages to offset the tax liability on the value of compensation and benefits lost, and which he will lose in the future, as a result of Defendant's unlawful conduct;

  g) Award Plaintiff reasonable attorney's fees, costs, and disbursements; and

  h) Award Plaintiff any and all other available relief as the Court deems just in the premises.

## COUNT III
## AGE DISCRIMINATION
## IN VIOLATION OF THE MINNESOTA HUMAN RIGHTS ACT
### (Plaintiff Tomminello)

46. Plaintiff Tomminello realleges Paragraphs 1 through 34 and incorporates them as though fully set forth herein.

47. The Minnesota Human Rights Act, Minn. Stat. § 363A.08, makes it unlawful to discriminate against an employee on the basis of that employee's age.

48. By its conduct as alleged herein, Defendant discriminated against Mr. Tomminello on account of his age.

49. Defendant's conduct towards Mr. Tomminello illustrated a willful and/or reckless disregard of Plaintiff's right to be free from impermissible discrimination.

50. As a result of Defendant's unlawful conduct, Plaintiff has suffered lost wages and benefits, loss of professional opportunities, damage to his career and reputation, pain, suffering, emotional harm, and humiliation.

51. Plaintiff demands to exercise his right to a jury trial of this matter.

**WHEREFORE**, Plaintiff Tomminello respectfully requests that this Court find in his favor and against Defendant on Count III as follows:

a) Declare that Defendant's conduct was in violation of the Minnesota Human Rights Act;

b) Enjoin Defendant and all officers, agents, employees, and all persons in active concert of participation with them from engaging in any unlawful employment practice;

c) Enjoin Defendant and all officers, agents, employees, and all persons in active concert or participation with them to institute and carry out all policies and practices to provide equal employment opportunities for all and to prevent discrimination;

d) Order Defendant to reinstate Plaintiff to a position equal to or greater than his former position; or, in the alternative, award Plaintiff the value of compensation and benefits he will lose in the future as a result of Defendant's unlawful conduct;

e) Award Plaintiff compensatory damages, including but not limited to the value of all past and future lost compensation and benefits as a result of Defendant's unlawful conduct, and damages for emotional distress and other harm he has suffered as a result of Defendant's unlawful conduct;

f) Award Plaintiff pre-judgment interest and additional damages to offset the tax liability on the value of compensation and benefits lost, and which he will lose in the future, as a result of Defendant's unlawful conduct;

g) Award Plaintiff reasonable attorney's fees, costs, and disbursements; and

h) Award Plaintiff any and all other available relief as the Court deems just in the premises.

                        Respectfully submitted,

                        /s/ M. Megan O'Malley
                        Attorney for the Plaintiffs

M. Megan O'Malley
John P. Madden
O'Malley & Madden, P.C.
542 So. Dearborn Street, Suite 660
Chicago, Illinois 60605
(312) 697-1382
ARDC No. 6243598
momalley@ompc-law.com